1              UNITED STATES DISTRICT COURT

2             NORTHERN DISTRICT OF NEW YORK

3

4   UNITED STATES OF AMERICA,        )
                                     )
5                                    )   CASE NO.: 1:16-CR-237
                                     )
6        VS.                         )
                                     )
7   ROBERT J. SEIFERT,               )
               Defendant.            )
8   _____ )

9

10                  **TRANSCRIPT OF PROCEEDINGS**
                **BEFORE THE HON. MAE A. D'AGOSTINO**
11                 **THURSDAY, AUGUST 3, 2017**
                      **ALBANY, NEW YORK**

12

13

14  **FOR THE GOVERNMENT:**
         Office of the United States Attorney
15       By:  Edward P. Grogan, AUSA
         445 Broadway, Room 218
16       Albany, NY  12207

17

18  **FOR THE DEFENDANT:**
         Smith, Hernandez Law Firm
19       By:  Julio Hernandez, III, Esq.
         21 Everett Road Extension
20       Albany, New York  12205

21

22

23

24            **THERESA J. CASAL, RPR, CRR, CSR**
              Federal Official Court Reporter
25               445 Broadway, Room 509
               Albany, New York  12207

              *THERESA J. CASAL, RPR, CRR*
         *UNITED STATES DISTRICT COURT — NDNY*

*USA v. Seifert - 16-CR-237*

1              (Court commenced at 10:01 AM.)

2           THE CLERK:  Today is Thursday, August 3, 2017.

3    The time is 10:01 AM.  The case is United States of America

4    versus Robert J. Seifert, case number 16-CR-237.  We're here

5    today for a sentencing.  May we have appearances for the

6    record, please.

7           MR. GROGAN:  Ed Grogan, standing in for Michael

8    Barnett, for the United States.  Good morning, your Honor.

9           THE COURT:  Good morning.

10          MR. HERNANDEZ:  Julio Hernandez, on behalf of

11   Robert Seifert, your Honor, to my right.

12          THE COURT:  Good morning to both of you.

13          THE DEFENDANT:  Hi.

14          THE COURT:  Do both counsel have the final

15   presentence report dated May 23, 2017, and the addendum

16   dated August 1, 2017?

17          MR. GROGAN:  The Government does, yes, your Honor.

18          MR. HERNANDEZ:  Defense does, your Honor.

19          THE COURT:  And Mr. Hernandez, have you shared

20   these reports with the defendant?

21          MR. HERNANDEZ:  I have, your Honor.  I was here

22   earlier this morning reviewing the updated final report with

23   Mr. Seifert.

24          THE COURT:  Thank you.  Does the Government have

25   any objection to the facts, the offense level calculation or

*USA v. Seifert - 16-CR-237*

1    the criminal history as set forth in the presentence

2    investigation report?

3              MR. GROGAN:  No objection, your Honor.

4              THE COURT:  Does the defense have any objection to

5    the facts, the offense level calculation or the criminal

6    history as set forth in the PSI?

7              MR. HERNANDEZ:  No, your Honor.

8              THE COURT:  Thank you.  Mr. Grogan -- well, I

9    should say, before I turn to you, the record should reflect

10   that I've carefully reviewed all of the materials that have

11   been submitted, including both the final presentence report

12   and the addendum and the submissions of counsel and the plea

13   agreement, and I've read those all very carefully.

14             Does the Government wish to say anything before I

15   impose sentence?

16             MR. GROGAN:  The Government rests on its

17   sentencing submissions, your Honor.

18             THE COURT:  Mr. Hernandez, do you wish to say

19   anything before I impose sentence?

20             MR. HERNANDEZ:  No, your Honor, other than that we

21   thank the Court for expediting sentencing this morning.

22             THE COURT:  You're very welcome.  Mr. Seifert, do

23   you want to say anything to the Court before I impose

24   sentence?  You may, but you're not required to.

25             THE DEFENDANT:  Yes.  I'd like to thank the Court.

*USA v. Seifert - 16-CR-237*

1    I'm very grateful for the way things turned out, ma'am.

2             THE COURT:  All right.  Thank you.  As I said a

3    moment ago, I have reviewed and considered all pertinent

4    information, including, but not limited to, the presentence

5    investigation report, the addendum, the plea agreement,

6    submissions by counsel, the 2016 edition of the Sentencing

7    Guidelines manual and the factors outlined in 18 United

8    States Code, Section 3553.  I adopt the factual information

9    and the guideline applications contained in the presentence

10   investigation report.

11            The Court finds the total offense level is 19, the

12   criminal history category is VI, and the guideline

13   imprisonment range is 63 to 78 months.  However, the

14   statutorily authorized maximum sentence of five years is

15   less than the minimum of the guideline range.  Therefore,

16   the guideline range is 60 months, pursuant to

17   Section 5G1.1(a) of the Guidelines.

18            Pursuant to Rule 11(c)(1)(C), binding plea

19   agreement, the parties agree that a sentence of time served

20   at the time of sentencing, a term of supervised release of

21   three years and a special assessment of $100 is an

22   appropriate disposition in this case.  The parties further

23   agree that to the extent the agreed-upon disposition departs

24   from the applicable Sentencing Guidelines range, that

25   departure could be made for justifiable reasons under

*USA v. Seifert - 16-CR-237*

1   Section 6B1.2(c)(2) of the Sentencing Guidelines.  In

2   particular, the specified sentence is reasonable and

3   appropriate under the unique combination of facts and

4   circumstances related to the defendant, the offense of

5   conviction, related relevant conduct.

6            Therefore, upon your plea of guilty to Count III

7   of the indictment, it is the judgment of the Court that you

8   are hereby committed to the custody of the Bureau of Prisons

9   to be imprisoned for a term of time served.  I note that you

10  have been in custody continuously since July 14, 2016.

11           Upon your release from imprisonment, you will be

12  placed on supervised release for a term of three years.

13  While on supervised release, you shall not commit another

14  federal, state or local crime, you shall comply with the

15  standard conditions that have been adopted by this Court.

16  The Court finds that based upon the nature of the instant

17  offense, as well as the history and characteristics of the

18  defendant, as outlined in detail in the presentence report,

19  as well as to provide rehabilitation services, the following

20  special conditions are necessary and justified in this case:

21           First, immediately following this sentencing, you

22  shall be transported directly from the James T. Foley U.S.

23  Courthouse in Albany, New York, to the McPike Addiction

24  Treatment Center in Utica, New York, to participate in

25  inpatient substance abuse and/or mental health treatment at

*USA v. Seifert - 16-CR-237*

1   the facility.  You must abide by all of the rules of the

2   McPike program, which may include a medication regime.  You

3   shall contribute to the cost of any evaluation and/or

4   treatment in an amount to be determined by the treatment

5   provider.

6          You shall participate in a mental health program,

7   which may include medical, psychological or psychiatric

8   evaluation and outpatient treatment as recommended by the

9   treatment provider based upon your risk and needs.  You may

10  also be required to participate in inpatient treatment upon

11  recommendation of the treatment provider and upon approval

12  of the Court.  The Probation Office must approve the

13  location, frequency and duration of outpatient treatment.

14  You shall abide by the rules of the program, which may

15  include a medication regime.  You shall contribute to the

16  cost of any evaluation and/or treatment in an amount to be

17  determined by the Probation Officer based on your ability to

18  pay and the availability of third-party payments.

19         You shall participate in a program for substance

20  abuse, which shall include testing for the use of controlled

21  substances, controlled substance many analogues and alcohol.

22  This may include outpatient treatment as recommended by the

23  treatment provider based upon your risk and needs.  You may

24  also be required to participate in inpatient treatment upon

25  recommendation of the treatment provider and upon approval

*USA v. Seifert - 16-CR-237*

1  of the Court.  The Probation Office shall approve the

2  location, frequency and duration of outpatient treatment.

3  You shall abide by the rules of any treatment program, which

4  may include abstaining from the use of alcohol.  You shall

5  contribute to the cost of any evaluation and/or treatment in

6  an amount to be determined by the Probation Officer based on

7  your ability to pay and the availability of third-party

8  payments.

9            You shall refrain from the use of alcohol and be

10  subject to alcohol testing and treatment.

11            I find that based on your financial resources and

12  projected earnings, you do not have the ability to pay a

13  fine.

14            You must pay to the Clerk of the Court, however, a

15  special assessment of $100, which is due and payable

16  immediately.

17            Both parties have the right to appeal this

18  sentence.  You are advised to consult with your attorney to

19  determine whether or not an appeal is warranted.  Any appeal

20  must be filed within 14 days of the date the judgment is

21  filed in this case.

22            I note, however, that this case is subject to a

23  binding plea agreement.  Within his plea agreement, the

24  defendant waives the right to appeal any sentence consistent

25  with the agreed-upon disposition or a less severe sentence.

*USA v. Seifert - 16-CR-237*

1          At this time, does the Government move to dismiss

2   Counts I and II of the indictment?

3          MR. GROGAN:  Yes, your Honor.

4          THE COURT:  Okay, those counts are dismissed.  Is

5   there anything further from the Government?

6          MR. GROGAN:  No, your Honor.

7          THE COURT:  Anything further from the defense?

8          MR. HERNANDEZ:  No, your Honor.

9          THE COURT:  Mr. Seifert, I wish you well at

10  McPike.

11         THE DEFENDANT:  Thank you.

12         THE COURT:  I hope that things go well for you

13  there.  I commend your attorney and the Assistant United

14  States Attorney and Mr. Cox at Probation, everybody has

15  worked very, very hard to try to get the proper placement

16  for you.  I hope you take advantage of it and that you get

17  the assistance that you need.

18         THE DEFENDANT:  Okay.

19         THE COURT:  Court stands adjourned.  Defendant is

20  remanded accordingly.

21                   (This matter adjourned at 10:11 AM.)

22                   - - - - -

23

24

25

*THERESA J. CASAL, RPR, CRR*
*UNITED STATES DISTRICT COURT - NDNY*

1            CERTIFICATION OF OFFICIAL REPORTER

2

3

4            I, THERESA J. CASAL, RPR, CRR, CSR, Official

5     Realtime Court Reporter, in and for the United States

6     District Court for the Northern District of New York, do

7     hereby certify that pursuant to Section 753, Title 28,

8     United States Code, that the foregoing is a true and correct

9     transcript of the stenographically reported proceedings held

10    in the above-entitled matter and that the transcript page

11    format is in conformance with the regulations of the

12    Judicial Conference of the United States.

13

14            Dated this 7th day of December, 2017.

15

16    **/s/ THERESA J. CASAL**

17         THERESA J. CASAL, RPR, CRR, CSR

18         FEDERAL OFFICIAL COURT REPORTER

19

20

21

22

23

24

25

                    *THERESA J. CASAL, RPR, CRR*
                *UNITED STATES DISTRICT COURT - NDNY*